Missouri Ethics Commission Post Office Box 1254 Jefferson City, MO 65102
Ladies and Gentlemen:
This opinion is in response to your question which can be summarized as follows:
 Do the provisions of Section 36.030, RSMo, identifying those departments subject to the merit system cover the employees of the Missouri Ethics Commission?
Chapter 36, RSMo, sets forth the state personnel law, known as the merit system. The provisions of this chapter regulate the methods by which certain state employees are hired, promoted, disciplined and dismissed.
The merit system is made applicable to certain departments, divisions and agencies by Section 36.030, RSMo Supp. 1992. Section 36.030.1, provides in part:
 36.030. Personnel, administration of merit system — departments affected — exemptions — employee suggestions, awards authorized. — 1. A system of personnel administration based on merit principles and designed to secure efficient administration is established for all offices, positions and employees, except attorneys, of the department of social services, the department of corrections, the department of health, the department of natural resources, the department of mental health, the personnel division and other divisions and units of the office of administration, the division of employment security of the department of labor and industrial relations, the division of industrial inspection, the tourism commission, environmental improvement authority, Missouri housing development commission, the Missouri state water patrol, the Missouri veterans commission, such other agencies as may be designated by law, and such other agencies as may be required to maintain personnel standards on a merit basis by federal law or regulations for grant-in-aid programs, . . . . [Emphasis added.]
Section 105.955.1, RSMo Supp. 1992, states that the Missouri Ethics Commission (hereinafter "the Commission") is assigned to the Office of Administration only for budgeting and reporting purposes. Specifically, this section provides in part:
 1. A bipartisan "Missouri Ethics Commission", composed of six members, is hereby established. The commission shall be assigned to the office of administration with supervision by the office of administration only for budgeting and reporting as provided by subdivisions (4) and (5) of subsection 6 of section 1 of the Reorganization Act of 1974. . . . [Emphasis added.]
The use of the word "only" in the statute indicates the Commission is subject to supervision by the Office of Administration for budgeting and reporting solely, exclusively and for nothing else or more. See State ex rel. Collins v.Donelson, 557 S.W.2d 707, 710 (Mo.App. 1977). The word "only" is defined as meaning alone in its class, sole, single, exclusive, solely, this and no other, nothing else or more.Id.
Included within the statutory language that defines the powers and duties of the Commission is the following provision in Section 105.955:
 11. The commission shall appoint an administrative secretary who shall serve subject to the supervision of and the pleasure of the commission, but in no event for more than six years. The administrative secretary shall be responsible for the administrative operations of the commission and perform such other duties as may be delegated or assigned to him by law or by rule of the commission. The administrative secretary shall employ staff and retain such contract services as he deems necessary, within the limits authorized by appropriations by the General Assembly. [Emphasis added.]
Subsection 15 of Section 105.950 provides in part:
 15. In connection with such powers provided by sections 105.955 to 105.963 and chapter 130, RSMo, the commission may:
* * *
 (4) Employ such personnel and make use of services provided to the commission by contract, within the limits of its appropriation to the commission, as it deems necessary; and
* * *
Subsection 15 of Section 105.961, RSMo Supp. 1992, provides in relevant part:
 15. The special investigator and members and staff of the commission shall maintain confidentiality with respect to all matters concerning a complaint until and if a report is filed with the commission, with the exception of communications with any person which are necessary to the investigation. The report filed with the commission resulting from a complaint acted upon under the provisions of this section shall not contain the name of the complainant or other person providing information to the investigator, if so requested in writing by the complainant or such other person. Any person who violates the confidentiality requirements imposed by this section or subsection 17 of section 105.955 requires to be confidential shall be guilty of a class A misdemeanor and shall be subject to removal from or termination or employment by the commission. [Emphasis added.]
There is no statutory provision expressly placing the commission under the auspices of the merit system. (Contrast the foregoing statutes with the provision in subsection 5 of Appendix B (1), RSMo 1986 stating: "All other employees assigned to work for the State Environmental Improvement and Energy Resources Authority or the Missouri Housing Development Commission except the directors of staff, their personal secretaries, and two deputies shall be appointed by the directors of the departments in accord with chapter 36, RSMo, . . . .") While it is expressly stated that the Commission is assigned to the Office of Administration for budgeting and reporting purposes, there is no other statutory language to suggest that the Commission is assigned to the Office of Administration for any other purpose, including personnel management. Furthermore, there is no language to suggest that the General Assembly intended to make the Commission a "unit" or "division" of the Office of Administration for merit system purposes.
To the contrary, the statutory provisions establishing and outlining the powers and duties of the Commission indicate legislative intent to provide the Commission autonomy and independence in selecting, retaining, disciplining and terminating its own personnel. See Section 105.955.11 ("employ staff"), Section 105.955.15(4) ("[e]mploy such personnel"), and Section 105.961.15 ("termination of employment by the commission"). Therefore, we conclude that employees of the Missouri Ethics Commission are not included among the employees designated in Section 36.030 as being subject to the merit system.
CONCLUSION
It is the opinion of this office that employees of the Missouri Ethics Commission are not included among the employees designated in Section 36.030, RSMo Supp. 1992, as being subject to the merit system.
Very truly yours,
 JEREMIAH W. (JAY) NIXON Attorney General